UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-24480

LEON MILLER,

 Plaintiff,


Vs.


UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS

 Defendant.

_____/


## **COMPLAINT**


1. Plaintiff, Leon Miller, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages arising from Defendant, United States of America's (hereinafter "Defendant") negligence in failing to adhere to the prevailing professional standard of care which is generally recognized as acceptable and appropriate by reasonably prudent similar department of corrections employees.


### **Jurisdiction and Venue**

2.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees

of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

3.      Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C § 2671, *et.seq.*

4.      Pursuant to the FTCA, 28 U.S.C § 2671, *et. Seq.*, on or about September 1, 2020, Plaintiff presented the appropriate federal agency for administrative settlement under the FTCA requesting $250,000.00 or more.  By letter dated June 3, 2021, but not mailed until July 2, 2021, Plaintiff's claim was finally denied in writing by the Southeast Regional Office of the Federal Bureau of Prisons and such denial was sent by certified mail to the Plaintiff. (Claim # TRT-SER-2021-02826). This lawsuit was then timely filed.

5.      This action is timely pursuant to 28 U.S.C § 2401 (b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and 1391 (c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

## Parties

7.       Plaintiff, Leon Miller, was an inmate in the custody of the Federal Bureau of Prisons (hereinafter referred to as "BOP"), and agency of the Defendant, and currently resides at 1791 NW 143rd Terrace, Opa Locka, FL 33054.

8.      At all times material to this action, Mr. Miller was an inmate in custody of the BOP, and was assigned to the Federal Detention Center, located in Miami, FL, a prison, owned and operated by Defendant.

9.      Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts or omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to Plaintiff, pursuant to the FTCA.

2

10.     At all times material to this action, Defendant was responsible for the correct and prompt response to the health care needs of inmates in its custody.

11.     At all times material to this action, Mr. Miller was an inmate subject to the custody and control of the Defendant and subject to the care and treatment of the Defendant.

## Statement of Claim

12.     Mr. Miller came into the custody of BOP on or about July, 2019. On or about July 2019, Mr. Miller arrived at Federal Detention Center in Miami, FL.

13.     On or about February 17, 2020, Mr. Miller was taken to Larkin Community Hospital, in South Miami, FL, for a procedure whereby he had a heart defibrillator surgically implanted.

14.     On or about February 20, 2020, Mr. Miller was returned to the custody of BOP, placed in a handicapped cell, designated to a bottom bunk, and issued  a "bottom bunk pass" valid until June 14, 2020.

15.     On March 5, 2020, Unit Manager Carbone (hereinafter referred to as "Carbone"), an employee of BOP, appeared at Mr. Miller's handicapped cell with another inmate that was wheelchair bound.  Carbone ordered Mr. Miller out of his cell and escorted him to a different cell where only a top bunk was available.  Mr. Miller informed Carbone that he had a bottom bunk pass because of his recent heart procedure and could not take the top bunk.  Carbone ignored Mr. Miller's request and told Mr. Miller that he was taking the top bunk.  Mr. Miller reluctantly complied with Carbone's order to take the top bunk out of fear of retaliation.

16.     On March 5, 2020, on Mr. Miller's first attempt to come down from the top bunk to use the bathroom, Mr. Miller fell from the top bunk, injuring his back.

17.     After Mr. Miller fell from the top bunk, Mr. Miller's cell mate alerted the guards that Mr. Miller fell.

18.     Mr. Miller was thereafter taken to the urgent care facility to address his injuries.

19.     As a result of Defendant's negligence, Mr. Miller is permanently injured.

20.     Defendant has in its employ and/or agency corrections officers, law enforcement officers, unit managers, and other BOP employees, over which it exercises control and supervision. At all times material to this action, Defendant authorized these agents and employees to act for Defendant when they committed the negligent acts alleged herein.  Defendant's agents and

3

employees accepted the undertaking of acting on behalf of Defendant when they committed the negligent acts alleged herein.  Defendant had control over its agents and employees when they committed the negligent acts alleged herein.

21.     The negligent acts of Defendant's agents and employees were committed while acting within the course and scope of their employ and/or agency with Defendant.  Thus, Defendant is vicariously liable for the actions of its agents and employees when they committed the negligent acts alleged herein.

22.     At all times material to this action, Defendant had a non-delegable duty to provide Plaintiff, Mr. Miller, with reasonable housing accommodations given his medical condition and/or to provide reasonably safe supervision.

23.     At all times material to this action, Defendant, by and through its staff, employees and/or agents, acting within the course and scope of their employment and/or agency, negligently breached their duty to provide reasonable housing accommodations and/or to provide reasonably safe supervision to Plaintiff, Mr. Miller, by failing to provide him with a cell with a bottom bunk bed for him to reside in, given his medical condition and bottom bunk designation.

24.     As a direct and proximate result of Defendant's failure to provide Plaintiff, Mr. Miller, with reasonable housing accommodations given his medical condition and/or to provide reasonably safe supervision, Plaintiff, Mr. Miller fell from the top bunk and suffered permanent injuries to his back, causing him severe pain and suffering.

25.     It is more likely than not that if Plaintiff had been provided a cell with a bottom bunk, he would not have suffered such permanent injuries.

26.     As a direct and proximate result of Defendant's negligence, and carelessness, Plaintiff has suffered pain, mental anguish, bodily injury, and permanent disability, and will continue to suffer pain, mental anguish, bodily injury, and permanent disability in the future.

WHEREFORE Plaintiff, Leon Miller, demands judgment against the Defendant, United States of America, as follows:

        a.  The sum of $250,000.00 or more;

        b.  Cost of suit;

        c.  Post-judgment interest; and

        d.  Such other relief as the Court may deem just and proper.

Respectfully submitted,

GELLER TAMAYO, LLC
*Counsel for Plaintiff Leon Miller*
1221 South 21 Ave
Hollywood, Florida 33020
Phone: 954-248-1234

By:   /s/    *Adam Geller*
Adam Geller
Florida Bar No. 85910
ageller@gellertamayolaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:   */s/    Adam Geller*
Adam Geller
Florida Bar No. 85910